USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 01/29/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRIAN RODRIGUEZ,

                Movant,

-against-

UNITED STATES OF AMERICA,

                Respondent.

24-CV-0531 (NSR)

19-CR-0449-2 (NSR)

ORDER

NELSON S. ROMÁN, United States District Judge:

    Along with his motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255, Movant, who is proceeding *pro se*, also filed a motion for appointment of counsel. (ECF 3.) There is no constitutional right to counsel in *habeas corpus* proceedings. The Criminal Justice Act ("CJA") provides:

> Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28.

18 U.S.C. § 3006A(a)(2)(B).

    In deciding whether to exercise its discretion to appoint counsel under the CJA, courts in this Circuit consider the same factors as those applicable to requests for *pro bono* counsel made by civil litigants. *See, e.g.*, *Zimmerman v. Burge*, 492 F. Supp. 2d 170, 176 n.1 (E.D.N.Y. 2007) (citing *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989)); *In re Pizzuti*, No. 10-CV-0199, 2010 WL 4968244, at *1 (S.D.N.Y. Dec. 7, 2010). Those factors include the likelihood of success on the merits, the complexity of the legal issues and the movant's ability to investigate and present the case. *See Cooper*, 877 F.2d at 172; *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986).

The Court has considered these factors and finds that appointment of counsel is not warranted at this time. Accordingly, the motion for counsel is denied without prejudice to renewal at a later date, after relevant facts and legal issues are presented to the Court for its consideration.

## CONCLUSION

The Court denies Movant's motion for the Court to request *pro bono* counsel without prejudice to renewal at a later date. (ECF 3.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of the Court is directed to mail a copy of the Order to Petitioner at the addressed listed on ECF.

SO ORDERED.

Dated: January 29, 2024
       White Plains, New York

                                                         NELSON S. ROMÁN
                                                       United States District Judge